UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Equity Title LLC, | Case No. 2:20-cv-1639-APG-BNW |
| Plaintiff, | **Order re [15]** |
| v. | |
| Profyt Addyct, LLC, et al. | |
| Defendants. | |

Before the Court is plaintiff Equity Title, LLC's ex parte motion for service by publication and to enlarge the time for service. ECF No. 15. The Court finds that Equity Title meets the requirements for service by publication and that there exists good cause for the requested extension. Therefore, the motion will be granted.

**I.      Background.**

Equity Title accuses defendants Profyt Addyct, LLC and Steven Gazlay of using fraudulent documents to encumber certain property with a $750,000.00 deed of trust. ECF No. 1 at 2–3. Defendants, further, supposedly used Equity Title to fraudulently transfer $707,375.75 in escrow funds to defendants' bank account. *Id.* In its September 3, 2020 complaint, Equity Title brings claims for fraud and deceit, cancellation of instruments, and under the civil RICO statute. *Id.* at 3–6.

Equity Title has been unable to serve Gazlay. ECF No. 15. Equity Title asserts that on September 4, 2020, attorney Leo Flangas identified himself as legal counsel for defendants and represented that he would accept service of process on their behalf. *Id.* at 3. Equity Title's counsel immediately prepared an acceptance of service for Flangas to sign but, after several

weeks of exchanges, Flangas's office informed Equity Title on September 30 that he was in fact not authorized to accept service. *Id.*

Equity Title hired a process server to try to locate and serve Gazlay. *Id.* The process server conducted searches of public, local, and nationwide databases, including through the U.S. Post Office, Clark County Assessor's office, and Nevada DMV. ECF No. 14 at 3. This search yielded 5 possible addresses, 8 possible phone numbers, 2 possible emails, and 1 Facebook account. *Id.* at 2–3.

From November 20 through November 25, the process server made 7 service attempts at the 5 addresses. *Id.* At each address, the process server spoke with an occupant—including both Gazlay's father and former brother-in-law—who confirmed that Gazlay did not presently reside there. *Id.* Gazlay's last-known address appears to be a condominium on Dean Martin Drive, where the front desk personnel informed the process server that Gazlay had moved out around October 2020. *Id.* at 2. The process server's attempts to contact Gazlay through phone, email, and Facebook were likewise unsuccessful. *Id.* at 2–3.

Equity Title filed the underlying motion on November 30, 2020. ECF No. 15.

**II.    Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
    (A)  cannot, after due diligence, be found;
    (B)  by concealment seeks to avoid service of the summons and complaint; or
    (C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
    (A)  through pleadings or other evidence establish that:
      (i)  a cause of action exists against the defendant who is to be served; and
      (ii)  the defendant is a necessary or proper party to the action;
    (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
      (i)  the defendant's last-known address;
      (ii)  the dates during which the defendant resided at that location; and
      (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found.  NRCP 4.4(c).

Here, the Court will grant Equity Title's motion because it satisfies the eight requirements imposed by NRCP 4.4(c).  Regarding the first requirement, Equity Title has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.  Beginning with NRCP 4.2, it is evident that personal or substitute service upon Gazlay is impracticable at this juncture because Equity Title diligently attempted to locate Gazlay and his current dwelling but to no avail.  Service under NRCP 4.3 is likewise impracticable because that provision governs service of persons located outside Nevada or the United States.  Here, Equity Title's process server indicates that Gazlay's last-known address is in Las Vegas, Nevada; in fact, all of the addresses identified by the process server as previously or possibly belonging to Gazlay are located in Las Vegas.  There is no indication that Gazlay is located outside Nevada or the United States.  Therefore, service under NRCP 4.3 impracticable.  Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires service upon Gazlay in a particular manner.  Finally, service under NRCP 4.4(b) is also impracticable.  This Court has previously determined that NRCP 4.4(b) allows for service by email.  *See Equity Title v. Gazlay*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020).  However, Equity Title's process server identified 2 possible email addresses for Gazlay but was unable to contact him through that medium.  Therefore, Equity Title satisfies the first requirement because it has shown that the service methods under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.

Additionally, the Court finds that Equity Title has satisfied the second, fifth, and eighth requirements.  Equity Title's motion and its supporting affidavits demonstrate that Equity Title hired a process servers to try to identify Gazlay's residence.  Equity Title's process server searched a variety of Nevada's and Clark County's databases, identified Gazlay's last-known address, 4 other possible addresses, 8 possible phone numbers, 2 possible email accounts, and 1 Facebook account.  Equity Title diligently but unsuccessfully tried to serve Gazlay using this information.  Further, Equity Title confirmed that Gazlay does not currently reside at any of the 5

addresses. Equity Title's motion, therefore, establishes NRCP 4.4(c)'s second, fifth, and eighth requirements because it: shows that Equity Title exercised due diligence but could not locate Gazlay; sets forth specific facts demonstrating Equity Title's efforts to locate Gazlay; provides Gazlay's last-known address; and establishes that Equity Title is unaware of any other address where Gazlay resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Equity Title's theory, set forth in its pleadings, is that Gazlay defrauded it of several thousand dollars through the use of a fraudulent deed of trust. Thus, Equity Title meets the third requirement, too.

Further, the Court finds that, based on Equity Title's complaint, Gazlay is a necessary and proper party to this matter because he supposedly played a central role in the allegedly fraudulent transaction. Thus, Equity Title meets the fourth requirement, too.

Equity Title likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses issued in this case and the Court will not ask Equity Title to modify the summons already issued for Gazlay at ECF No. 2.

Finally, Equity Title meets NRCP 4.4(c)'s seventh requirement because it suggested that the complaint and summons be published in Nevada Legal News. ECF No. 15 at 7. Nevada Legal News is a newspaper of general circulation printed in Las Vegas, Clark County, Nevada.

*See* JMA Architects v. Citation Prop. Grp., Case No. A555070, 2008 WL 8644360 (Nev. Dist. Ct. Nov. 10, 2008); *see also Bank of New York Mellon v. Wash. & Sandhill Homeowners Assoc.*, 2020 WL 1434225, at *2 (D. Nev. Mar. 23, 2020) ("There may be some doubt as to whether Plaintiff's service was improper, given that Plaintiff submitted proper proof of service by publication in Nevada Legal News."). The Court finds that publication in Nevada Legal News is reasonably calculated to give defendant actual notice of the proceedings.

In sum, this Court will grant Equity Title's motion to serve Gazlay by publication in accordance with NRCP 4.4(c) and Federal Rule 4(e)(1). Additionally, however, Nevada law enables the Court to order Equity Title "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.." NRCP 4.4(d)(1). Thus, this Court will also order that Equity Title send the summons and complaint to the email addresses and Facebook account that it identified as possibly belonging to Gazlay and by certified mail to the 5 addresses where it attempted personal service.

## III. Enlarging the time for service

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether there exists good cause, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Equity Title has shown good cause for its requested extension. Equity Title Filed its complaint on September 3, 2020, which means that the 90-day deadline for service does not expire until today, December 2, 2020. For a month after Equity Title filed its complaint, it reasonably relied on Flangas's representation that he would accept service on behalf of defendants. After Flangas recanted his representation—and as the 90-day service period neared its end—Equity Title's process server identified several possible addresses, phone numbers, and email accounts belonging to Gazlay. The process server diligently attempted service using this information. Thus, Equity Title has been diligent and the Court turns now to the three *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not evince that Gazlay received actual notice of the lawsuit. However, this lawsuit is still in its infancy and has not advanced beyond the pleading stage. Further, this is Equity Title's first requested extension. Thus, the Court finds that the second factor weighs in favor of good cause because Gazlay will not be prejudiced by the extension. Equity Title's motion does not speak to the prejudice it would suffer if the Court declined to enlarge the time for service, so the Court will construe this factor against Equity Title. Still, the Court in its discretion finds that Equity Title's diligence, coupled with the lack of prejudice that Gazlay would suffer, constitutes good cause for the requested extension.

Because the Court finds that there is good cause at the first step, the Court need not advance to the second step.

**IV.  Conclusion.**

IT IS THEREFORE ORDERED that Equity Title's motion (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that Equity Title must publish the summons and complaint in Nevada Legal News at least once a week for a period of four weeks. Service will be deemed complete four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Equity Title must send a copy of the summons and complaint to the email addresses and Facebook account it identified as possibly belonging to Gazlay and by certified mail to the 5 addresses where it attempted service.

IT IS FURTHER ORDERED that the deadline for service upon Gazlay is extended up to and including 45 days following the issuance of this order.

DATED: December 2, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE