UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EQUITY TITLE, LLC, doing business as, EQUITY TITLE OF NEVADA,<br><br>Plaintiff,<br><br>v.<br><br>PROFYT ADDYCT, LLC, and STEVEN GAZLAY, an individual, and DOES 1 through 10 inclusive,<br><br>Defendant. | CASE NO.: 2:20-cv-01639-APG-BNW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLAIM AND DELIVERY**<br><br>[ECF No. 17] |

Plaintiff Equity Title, LLC filed a motion for Claim and Delivery. ECF No. 17. No response to the Motion has been filed, and the time to do so has passed.

Plaintiff is a title and escrow company. On August 27, 2020, defendant Steven Gazlay presented falsified corporate records to Plaintiff and a lender purporting to own residential real property located in Las Vegas. Gazlay thereby caused a fraudulent wire transfer in the amount of $707,375.75 from Plaintiff's U.S. Bank, N.A. account to Gazlay's Bank of America, N.A. account. *See* ECF No. 18 at ¶¶ 2–6.

On August 31, 2020, based upon the further review of title officers and outside counsel, Plaintiff learned that the documents presented by Gazlay were indeed fraudulent. *Id.* at ¶ 6. On August 31, 2020, Plaintiff attempted to recall the wire transfer through US Bank, but the funds had already been received by Bank of America, and were subject to Gazlay's control. *Id.* at ¶ 7.

On August 31, 2020, as a victim of this unlawful conversion, Plaintiff reported Gazlay's conduct to the Las Vegas Metropolitan Police Department's Financial Crimes Division (LVMPD

FCD), and received Incident Number LLV20090002464. *Id.* at ¶ 8.  Plaintiff has since learned from LVMPD FCD that the agency has successfully seized and recovered possession of approximately $535,000.00 of the $707,375.75 fraudulent wire proceeds through a criminal seizure warrant issued upon Bank of America, but that Gazlay has absconded with the remainder. *Id.* at ¶ 9.  Because the $707,375.75 rightfully belongs to Plaintiff, and would still be in the possession of Plaintiff but for the unlawful conversion and fraud committed by Gazlay, Plaintiff has moved for the immediate delivery of the $535,000.00 that is currently in the possession of LVMPD FCD under Incident Number LLV20090002464. *See id.* at ¶ 10.

"At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a [] property . . . .  But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).  Remedies under Rule 64(a) include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies. Fed. R. Civ. P. 64(b).  The Supreme Court has stated that "long-settled federal law provid[es] that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 436 n. 10 (1974).  Thus, I must look to Nevada law when determining whether to issue an Order for the delivery to Plaintiff of the seized $535,000.00.

Nevada Revised Statutes § 193.021 defines personal property to include "all kinds or descriptions of money."  Under Nev. Rev. Stat. § 31.840, "the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to the plaintiff."  In addition, § 31.856(1) permits

issuance of a writ of possession without a hearing if the plaintiff "establishes reasonable cause to believe the probability" that the defendant gained possession of the property by the commission of the crimes of theft, forgery, or fraud.

I finds good cause to adjudicate the Plaintiff's motion without a hearing under § 31.856(1), and to grant the motion. *See also* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

I THEREFORE ORDER that the Plaintiff's Motion for Claim and Delivery **(ECF No. 17) is granted.**

I FURTHER ORDER that the Las Vegas Metropolitan Police Department's Financial Crimes Division shall deliver to Plaintiff EQUITY TITLE, LLC, doing business as EQUITY TITLE OF NEVADA, the $535,000.00 recovered from Gazlay under Incident Number LLV20090002464.

Dated: February 19, 2021

Andrew P. Gordon
United States District Judge